**Affirmed and Opinion Filed May 7, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01213-CR

**JESSICA RUIZ ESPINOZA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-83192-2013**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

Jessica Ruiz Espinoza waived a jury and pled not guilty before the trial court to assault causing bodily injury. After finding appellant guilty, the trial court assessed punishment at one day's confinement in the county jail, probated for thirty days, and a $75 fine. In a single issue, appellant contends the evidence is legally insufficient to support the conviction. We affirm the trial court's judgment.

EVIDENCE PRESENTED

Aragon

Autumn Aragon testified that she and appellant were roommates from July 2012 until November 28, 2012, when Aragon moved out. Susan Shorkey (the complainant), Lauren Dudek, and Mitchell Hinton helped Aragon move her belongings from appellant's apartment.

Aragon and her friends arrived at the apartment and started moving her things out sometime in the late morning. When they arrived, appellant and three individuals, identified, as "Hira, Jason, and Rashad," were sitting on the couch in the living room. Appellant walked back and forth between the couch and her own bedroom during the time Aragon's friends moved items from Aragon's bedroom.

After almost two hours of going in and out of the apartment, Aragon heard the door shut "with a slam noise" as she put items in a rental truck outside. Aragon heard Shorkey say "Let us inside," and heard banging on the door. When she looked up the stairs toward the apartment door, Aragon saw appellant grab Shorkey's hair and yell at her to "get out." Both appellant and Shorkey were yelling and cursing at one another. Appellant grabbed Shorkey's hair and pushed her to the ground. Aragon saw "punches being thrown." Aragon saw appellant's brother Jason hit Shorkey on the face and neck, and saw "kicks to the stomach."

Aragon ran up the stairs and told appellant and Jason to stop. Hinton also ran up the stairs and tried to get Jason away from Shorkey. Dudek called the police on her cell phone. Shorkey eventually was able to get up and move down the stairs, but "appellant, Hira, Jason, and Rashad" followed and blocked them from going back to the apartment.

Shorkey

Susan Shorkey testified that when she, Dudek and Hinton went to help Aragon move out of the apartment, Shorkey put her "things" in Aragon's bedroom closet, then began moving Aragon's belongings to a rental truck. Appellant and three people were sitting on the living room couch watching television when Aragon used her key to open the front door.

After moving things out for about ninety minutes, Shorkey heard the apartment door shut behind her. She knocked on the door and said she needed to get her "stuff" from the bedroom. When no one opened the door, Shorkey began banging on it. Appellant then yelled for her to get off her property. Shorkey yelled back that they had already been in and out and "why is she starting drama now." Shorkey and appellant yelled and cursed at each other through the closed door. After a short time, appellant opened the door.

Shorkey stepped through the doorway, intending to go to Aragon's bedroom. Appellant pushed Shorkey, and Shorkey pushed appellant. Appellant grabbed Shorkey's hair, hit her on the face and neck, and pulled Shorkey to the ground. Appellant continued hitting Shorkey on the face, head, and neck.

Shorkey crawled outside the apartment; appellant followed her and continued the assault. Appellant kicked Shorkey on her left side and on the back of Shorkey's head. Shorkey tried to fight back. She heard Aragon telling appellant to stop. The fight lasted about ten minutes. When the kicking stopped, Shorkey sat on the stairs to catch her breath. Appellant "threw one last punch," hitting Shorkey in the face. After that, Shorkey went down the stairs and waited for the police. Shorkey testified she felt pain on her head, neck, and the left side of her stomach.

Photographs taken by the police at the scene were admitted without objection and show scratches on Shorkey's neck and behind her ear, torn clothing, and a clump of hair pulled from

Shorkey's head. Medical records of Shorkey's emergency room treatment on November 28, 2012 were admitted without objection.

## Puckett

Plano police officer Jeremy Puckett testified that he answered a disturbance call at appellant's apartment around 11:15 a.m. on November 28, 2012. He first interviewed four people who were sitting on the back end of a rental truck, including Susan Shorkey, Autumn Aragon, Lauren Dudek, and Mitchell Hinton. Shorkey had visible marks on her neck, her hair was coming out, and her pants were torn. When a second officer arrived at the scene, Puckett went to appellant's apartment and questioned four individuals, including appellant, appellant's brother Jason, Hira, and Rashad. The two groups of people told the same story as to why the group at the rental truck were at the apartment. The differences in their stories regarded entry into the apartment. The group at the truck said they had been in and out moving items, and at some point they were locked out. When appellant finally opened the door, she and "her people" came out of the apartment toward Shorkey. Appellant told the officer she had been sleeping and awoke when she heard unfamiliar voices. Appellant locked the door. When she opened the door a short time later, the others "kind of barged their way in." Puckett testified he saw a cut on appellant's hand.

## Espinoza

Jason Espinoza, appellant's brother, testified that he watched Aragon and her friends move items out of the apartment. At some point, appellant locked the front door. Shorkey banged on the door and when appellant "peeked out," Shorkey and two others rushed in. Aragon was not there. Shorkey made the first contact with appellant. When Shorkey and appellant began fighting, Espinoza stepped in to "keep the other male from choking my sister." "The

-4-

skinny girl was pulling hair too," as were both Shorkey and appellant. The three people who were helping Aragon move out were the aggressors.

Appellant

Appellant testified she was asleep in her room when she was awakened by voices she did not recognize. When appellant got up and looked into the living room, she saw Shorkey walking out of the apartment. Appellant testified Shorkey made a derogatory remark so she locked the door after her. When Shorkey returned and started banging on the door, appellant opened it because the banging was "shaking the walls and [she] didn't want the cops to be called." When she opened the door, Shorkey "flew in on me." Shorkey was the aggressor, came into the apartment first, and was followed in by another woman and a man. All three pushed and hit appellant, pulled her hair, and the man choked her. Appellant hit them back only because she was defending herself. Appellant denied hitting Shorkey again outside on the steps.

ANALYSIS

Appellant argues that the evidence is legally insufficient because the trial judge erred in rejecting her self-defense claim. Appellant asserts that she was justified in using self-defense because she was protecting herself in her own residence. The State responds that the evidence is legally sufficient to support the conviction.

In reviewing a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the fact finding and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012). We are required to defer to the fact finder's credibility and weight determinations because the

fact finder is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

A defendant has the burden of producing some evidence to support a claim of self-defense. *Zuliani v. State*, 97 S.W.3d 589, 594 (Tex. Crim. App. 2003). Once the defendant does so, the State then bears the burden of persuasion to disprove the raised defense. *Id*. The burden of persuasion does not require the State to produce evidence; it requires only that the State prove its case beyond a reasonable doubt. *Id*. A determination of guilt by the fact finder implies a finding against the defensive theory. *Id*.

The issue of self-defense is a fact issue to be determined by the fact finder, who is free to accept or reject the defensive issue. *See Saxton v. State*, 804 S.W.2d 910, 913–14 (Tex. Crim. App. 1991). As the sole judge of the weight and credibility accorded any witness's testimony, the fact finder is free to believe or disbelieve the testimony of all witnesses, and to accept or reject any or all of the evidence produced by the respective parties. *See Cleveland v. State*, 177 S.W.3d 374, 380(Tex. Crim. App. 2005).

To obtain a conviction for assault, the State had to prove beyond a reasonable doubt that appellant intentionally, knowingly, or recklessly caused bodily injury to Susan Shorkey by striking Shorkey's head, face, or body or by pulling Shorkey's hair with defendant's hand. *See* TEX. PENAL CODE ANN. § 22.01(a)(1) (West Supp. 2014). "Bodily injury" means physical pain, illness, or any impairment of physical condition. *Id*.

Appellant does not challenge the fact that Shorkey sustained bodily injuries due to an assault. Rather, she claims the evidence shows that she was justified in using force—hitting Shorkey—to prevent Shorkey from using force against her while she was in her residence. But there was conflicting evidence as to who was the aggressor. Aragon and Shorkey testified that

appellant was the aggressor. Appellant and Espinoza testified that Shorkey was the aggressor, and that appellant only acted in self-defense.

It was the role of the trial court, as fact-finder, to resolve the conflicts in the evidence. *See Saxton*, 804 S.W.2d at 913–14. The trial court could have reasonably concluded the evidence did not support appellant's self-defense claim. *See Cleveland*, 177 S.W.3d at 380. Viewing the evidence under the proper standard, we conclude a rational trier of fact could reject appellant's claim of self-defense and find beyond a reasonable doubt that appellant assaulted Shorkey. Thus, the evidence is sufficient to sustain the conviction. We overrule appellant's sole issue.

We affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
141213F.U05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

**JUDGMENT**

JESSICA RUIZ ESPINOZA, Appellant

No. 05-14-01213-CR        V.

THE STATE OF TEXAS, Appellee

Appeal from the County Court at Law No. 5 of Collin County, Texas (Tr.Ct.No. 005-83192-2013).
Opinion delivered by Justice Whitehill, Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the trial court's judgment is **AFFIRMED**.

Judgment entered May 7, 2015.